UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CHARON,
    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

No. 1:17-CV-1124

HONORABLE PAUL L. MALONEY

## ORDER ADOPTING R & R

This matter was referred to the Honorable Ellen Carmody, United States Magistrate Judge, whom issued a Report and Recommendation ("R & R") on November 27, 2018. (ECF No. 13.) The R & R recommends affirming the Commissioner's decision denying Plaintiff's claim for Disability Income Benefits and Supplemental Security Income because substantial evidence supported the ALJ's conclusion that there were approximately 70,000 jobs in the national economy which an individual with Plaintiff's residual functional capacity could perform. The matter is now before the Court on Plaintiff's objections to the R & R. (ECF No. 14.)

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). The Court is not obligated to address objections

that do not identify *specific* errors in the magistrate judge's recommendations. *Id.* Here, Plaintiff raises two objections.

First, the magistrate judge concluded that the ALJ's decision to afford "little weight" to the opinions of Plaintiff's treating physicians was supported by substantial evidence. (PageID.675-77.) In his objections, Plaintiff asserts that the magistrate judge's conclusion was in error because the ALJ did not refer to any medical authority when discounting the treating physicians' opinions.

The Court disagrees; the ALJ's rationale for giving little weight to the treating physicians was supported by substantial evidence. First, the opinions of the treating physicians—Drs. Stansby and Gendich—were not even consistent with each other. Dr. Stansby opined that Plaintiff's limitations were somewhat consistent with a limited range of light work. Dr. Gendich opined that Plaintiff was incapable of any sustained activity. Moreover, the contemporaneous treatment notes of the treating physicians were not consistent with or supportive of the limitations the doctors reported, as the magistrate noted. And finally, Plaintiff's own statements were inconsistent with the treating physicians' opinions. In sum, substantial evidence supported the ALJ's decision to discount the treating physicians' opinions as deserving "little weight." *See, e.g., Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("[A]n ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering [an RFC] finding."). Accordingly, this objection will be **OVERRULED.**

Plaintiff next objects that the ALJ improperly discounted his testimony regarding his subjective symptoms. The ALJ found Plaintiff's subjective allegations to not be fully credible,

a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). The ALJ thoroughly explained his rationale for discounting Plaintiff's subjective allegations:

> In reviewing the claimant's statements, the undersigned first reiterates that the objective medical studies and clinical examination findings do not fully corroborate the claimant's alleged symptoms and limitations. For example, despite the claimant's allegations of significant joint pain, frequent headaches, and regular episodes of vertigo, the record reveals that he has attended relatively infrequent medical appointments with his primary care providers to address these conditions. Nevertheless, the claimant has also reported that his symptoms have improved, at least somewhat, with treatment and medication usage, as discussed above.
>
> The evidence raises other questions about the claimant's allegations. Specifically, the record does not suggest that the claimant has pursued any referrals to specialists, such as an orthopedic surgeon or a neurologist, for further evaluation and treatment of his reported symptoms during the period currently under consideration. Indeed, the record also reveals significant gaps in the claimant's history of treatment, including a period of approximately one-and-a-half years from his alleged onset date in July 2012 through February 2014 when the claimant only sought treatment for his allegedly disabling impairments at an emergency department visit and follow-up appointment with his primary care provider in June 2013. This history of limited treatment suggests that the claimant's impairments may not be as limiting as he has generally alleged.

(PageID.69–70.) The magistrate judge concluded that the ALJ's decision was consistent with the administrative record and was supported by substantial evidence.

Now, Plaintiff merely reincorporates his argument that the ALJ deviated from the relevant legal standards by failing to cite positive medical authority in concluding that Plaintiff's testimony was not fully credible, and thus entitled to reduced weight.

However, the ALJ gave a thorough explanation of his decision to afford Plaintiff's testimony limited weight, and that explanation was supported by substantial evidence, as

3

demonstrated above. The Court rejects Plaintiff's position that the ALJ was required to present positive evidence that Plaintiff's condition significantly improved from the time he began treatment in making such a credibility determination. This theory would shift the burden of proof to the Commissioner to *disprove* Plaintiff's subjective assertions that his pain prevented him from sustaining full-time work. As such, it is not supported by law. *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852–853 (6th Cir.1986). This objection will be **OVERRULED.**

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation as the Opinion of the Court, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

**JUDGMENT TO FOLLOW.**

**Date:** July 16, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge